STATE OF VERMONT

SUPERIOR COURT                                              ENVIRONMENTAL DIVISION
                                                           Docket No. 131-10-17 Vtec

---

Town Clarendon v Houlagans MC Corp of VT

---

**ENTRY REGARDING MOTION**

Count 1, Municipal Enforcement (131-10-17 Vtec)

Title:          Motion for Reconsideration & Request for Hearing (Motion 6)

Filer:          Town of Clarendon

Attorney:       William J. Bloomer

Filed Date:     June 28, 2018

No response filed

**The motion is DENIED.**

  The matter before the Court is an enforcement action brought by the Town of Clarendon (Town) against Houlagans MC Corp. of VT (Defendant) regarding activities conducted at the Defendant's property located at 754 Cold River Road in Clarendon, Vermont.  In a June 14, 2018 motion, we granted in part and denied in part the Town's motion to impose fines and assess costs.  Presently before the Court is the Town's motion to reconsider that decision and a request for hearing.

  V.R.C.P. Rule 59(e) gives the Court the broad power to alter or amend a judgement "if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enter., Inc., 164 Vt. 582, 588 (1996); Reporter's Notes, V.R.C.P 59(e). There are four principal reasons for granting a Rule 59(e) motion: "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow a moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to respond to an intervening change in the controlling law." Old Lantern Non-Conforming Use, No. 154-12-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 13, 2017) (Durkin, J.) (quotations omitted).

  The grant of a motion to alter or amend "a judgment after its entry is an extraordinary remedy which should be used sparingly." In re Zaremba Grp. Act 250 Permit, No. 36-3-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J) (quotation omitted).  Rule 59(e) motions are not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law, and a motion to reconsider will be denied where it merely repeats arguments that have already been raised and rejected by the Court.  See 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2810.1.

  Here, the Town presents two arguments in support of its motion to reconsider.  First, it argues that there was a factual dispute presented in the parties' filings such that a hearing was required.  The Town does not argue there is manifest errors in the factual underpinnings of our

decision. Instead, this argument is merely an expression of dissatisfaction with this Court's conclusions of law and the factual findings based thereon.

Second, the Town argues that it is concerned that Defendants have been using their property in violation of our December 15, 2017 ruling. The Town raised this argument when it filed its original motion. Therefore, this assertion is an attempt to reargue the previous motion.[1]

Because the Town merely seeks to reargue and express dissatisfaction with the Court's June 14, 2018 Entry Order, its motion to reconsider is **DENIED**. As such, the request for hearing is **MOOT**.

So ordered.

**Electronically signed on August 24, 2018 at 11:53 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
William J. Bloomer (ERN 3734), Attorney for Plaintiff Town of Clarendon
Matthew G. Hart (ERN 3613), Attorney for Defendant Houlagans MC Corp of VT
Lois Vandenburg Baldwin (ERN 3658), Attorney for Petitioner to Intervene Annette McDonald
Lois Vandenburg Baldwin (ERN 3658), Attorney for Petitioner to Intervene Rosemary LaPlante
Lois Vandenburg Baldwin (ERN 3658), Attorney for Petitioner to Intervene Mark LaPlante

---

[1] To the extent the Town offers two printed out online flyers as "newly discovered evidence," we conclude the Town has failed to provide any showing that these exhibits are in fact newly discovered or previously unavailable.